UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:13CV-68-H

**MLS HOLDINGS, INC.**                                                                 **PLAINTIFF**

v.

**ELBERTA JONES**                                                                        **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on the motion to remand the action to state court by Plaintiff MLS Holdings, Inc. (MLS) (DN 13). For the reasons stated herein, the Court will grant the motion.

**I.**

Defendant Elberta Jones[1] initiated this action by filing a *pro se* notice of removal purporting to remove a forcible detainer action against her from the Jefferson District Court. She states that she "is a participant of the Section-8 federal funded program pursuant to Title 12 USC § 1701s." She further states, "Thus, plaintiff invokes this Court's original jurisdiction to hear and decide all claims and actions arising under Section-8 federal funded program governed by § 101 of the Housing and Urban Development Act of 1965[.]" Jones also cites "section 6 of the 1937 Act Title 42 USC § 1437f; Title 24 C.F.R. § 982.310; Title 24 C.F.R. § 932.308(a); Title 24 Codes of Federal Regulations 966.35, and all other applicable statutes governing Federal Housing Laws." Jones further states in the notice of removal that she invokes this Court's jurisdiction under the First Amendment of the United States Constitution and states that her First

---

[1]In the caption of the notice of removal (DN 1), Jones identifies herself as Plaintiff and MLS as Defendant. However, in response to the motion to remand, Jones acknowledges that the case should be captioned as it is in Jefferson District Court, identifying MLS as Plaintiff and Jones as Defendant.

Amendment rights have been violated by MLS. She also invokes this Court's jurisdiction pursuant to 18 U.S.C. §§ 1961 and 1962 pertaining to "'the collection of an unlawful debt' through fraud, unfair, false, misleading or deceptive acts in violation of Kentucky Revised Statute 367.170 (Consumer Protection Act)[.]"

## II.

MLS filed a motion to remand this action to state court on the basis that this Court lacks subject-matter jurisdiction over a landlord-tenant action and other grounds.

Federal courts are under an independent obligation to examine their own jurisdiction. *United States v. Hays*, 515 U.S. 737, 742 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Section 1441 of Title 28 of the United States Code provides that "any civil action brought in a State court **of which the district courts of the United States have original jurisdiction**, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Therefore, a civil action may be removed from a state court only when the district court has original jurisdiction over the state court action.

A federal district court may have jurisdiction over such a case in one of two ways. First, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute confers on the federal district courts what is known as "federal-question jurisdiction." Second, pursuant to 28 U.S.C. § 1332, diversity jurisdiction arises when the matter is between citizens of different

states and the amount in controversy exceeds $75,000. If a matter over which this Court lacks subject-matter jurisdiction is removed to this Court, "the case shall be remanded[,]" and the "State court may thereupon proceed with such case." 28 U.S.C. § 1447(c).

The party seeking to remove an action to federal court has the burden of establishing that the district court has original jurisdiction. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Removal statutes should be narrowly construed because federal courts are courts of limited jurisdiction and because removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit Court of Appeals follows a policy that "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citation omitted).

In order to determine whether the case arises under federal law, however, a court looks only at the plaintiff's well-pleaded complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *see also Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 325 (6th Cir. 2007). "If the complaint relies only on state law, the district court generally lacks subject-matter jurisdiction, and the action is not removable. This makes the plaintiff the master of the complaint; the plaintiff may simply avoid federal jurisdiction by relying exclusively on state law." *Gentek Bldg. Prods., Inc.*, 491 F.3d at 325 (citations omitted). Generally, a state law claim cannot be re-characterized as a federal claim for the purpose of removal. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003). Similarly, a case may not be removed to federal court on the basis of a federal defense, even when both parties concede that the federal defense is the only real question at issue. *Caterpillar Inc. v. Williams*,

482 U.S. 386, 393 (1987). A defendant has no inherent right to a federal forum for adjudication of federal rights absent exclusive federal jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 10.

In response to the motion for remand, Jones asserts that removal is proper pursuant to federal-question jurisdiction because she "is a participant in the Section 8 'federal funded' housing choice voucher program pursuant to Title 12 USC § 1701s; 42 USC § 1437" and that this case falls under the "complete-preemption doctrine." She also argues that her rights under the First and Fourteenth Amendments have been violated.

However, this Court must look only to the complaint to determine whether it has jurisdiction over the matter. *Franchise Tax Bd.*, 463 U.S. at 10. MLS's one-page complaint, filed on the Commonwealth of Kentucky's form for filing a Petition for and Writ of Forcible Entry and Detainer, does not contain any question of federal law. "Landlord-tenant disputes and eviction actions are typically state law claims." *Westfield Club v. Dominique*, No. 1:07-cv-671, 2007 U.S. Dist. LEXIS 73199, at *12 (W.D. Mich. Oct. 1, 2007) (citing *Home Loan Ctr. v. Thompkins*, No. 06-10379, 2006 U.S. Dist. LEXIS 17058 (E.D. Mich. Feb. 14, 2006)); *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (noting that it is well established that the landlord-tenant relationship is fundamentally a matter of state law and that federal courts appropriately abstain from adjudicating those actions as they involve questions of state law). Moreover, Jones's receipt of Section 8 housing assistance does not confer jurisdiction to this Court over the parties' landlord-tenant dispute. *See Sutton v. Cent. Towers Apts.*, No. 10-14079, 2012 U.S. Dist. LEXIS 127585, at *11 (E.D. Mich. Aug. 12, 2012) (citing *Las Casitas Assocs. v. Ramirez*, No. 94-20583, 1994 WL 618491, *1-2 (N.D. Cal. Oct. 25, 1994) (finding that there was no federal cause of action for a violation of federally-subsidized housing regulation and remanding the matter to state court)).

Furthermore, as to Jones's contention that this case raises issues that fall under the complete-preemption doctrine, she has failed to establish that Congress intended the Fair Housing Act (FHA) or any other federal statute to preempt the landlord-tenant relationship traditionally governed by state law. *See Westfield Club*, 2007 U.S. Dist. LEXIS 73199, at *13 ("No court has held that the FHA has preempted state law sufficient to justify removal.") (citing 14B Wright, Miller & Cooper, § 3722.1 at 543-53).

The only federal claims are those Jones seeks to assert as either defenses to the suit or as counterclaims. However, those claims cannot serve as the basis for removal. *See Caterpillar Inc.*, 482 U.S. at 393. To the extent she believes that her federal constitutional rights have been violated, Jones's recourse is to file an appeal of a judgment against her. However, any such violation is not a valid basis for removal.

### III.

For the foregoing reasons, **IT IS ORDERED** that the motion to remand (DN 13) is **GRANTED**. As such, the Court will dismiss Jones's notice of removal and summarily remand the action to the Jefferson District Court pursuant to 28 U.S.C. § 1447(c) by separate Order.

Date:

cc:     Defendant Jones, *pro se*
        Counsel of record
        Jefferson District Court
4412.010